IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE DOUGLAS | : | |
| | : | |
| v | : | |
| | : | |
| SCHWEISS DISTRIBUTING, INC. | : | JURY TRIAL DEMANDED |
| | : | |
| and | : | |
| | : | NO. |
| SCHWEISS BI-FOLD DOORS, INC. | : | |
| | : | |
| and | : | |
| | : | |
| CALDER DOOR & SPECIALTY COMPANY | : | |

## COMPLAINT

1. Plaintiff, Jamie Douglas, is an adult individual and citizen of the State of Maryland residing at 260 Calvary Lane, Rising Sun, Maryland 21911.

2. Defendant, Schweiss Distributing, Inc., is a Minnesota corporation with its offices and principal place of business located at Box 220, R.R. 1, Fairfax, Minnesota 55332.

3. Defendant, Schweiss Bi-Fold Doors, Inc. is a Minnesota corporation with its offices and principal place of business located at Box 220, Fairfax, Minnesota 55332.

4. Defendant, Calder Door & Specialty Company, is a Pennsylvania corporation with its offices and principal place of business located at 1322 Loop Road, Lancaster, Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 in that the action is between citizens of different states and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over the Defendants, because Defendants regularly engage in transactions with residents and businesses located in the Eastern District of Pennsylvania.

7. Further, this cause of action arose as a result of an accident which occurred in the Eastern District of Pennsylvania as set forth below.

8. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 in that the Eastern District of Pennsylvania is a judicial district within which Defendants conduct substantial and continuous business and because the cause of action giving rise to this Complaint occurred in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

9. At all times pertinent hereto, Plaintiff Jamie Douglas was employed by Modern Mushroom Farms, Inc. in Avondale, Pennsylvania.

10. Plaintiff's employer, Modern Mushroom Farms, Inc., purchased a set of bottom-operated bi-fold doors from Schweiss Distribution, Inc., Schweiss Bi-Fold Doors, Inc. or a predecessor company of these defendants.

11. This door bears a nameplate referencing model number S2, number 261 and serial number 49452.

12. On January 14, 2001, Jamie Douglas sustained severe injuries while operating the aforementioned bi-fold doors.

13. As a result of the aforementioned accident, Plaintiff Jamie Douglas has sustained severe and permanent injuries including, but not limited to, amputation of fingers, broken bones and severe disfigurement.

14. As a result of the accident as described above, Plaintiff Jamie Douglas has been and will be obligated to receive and undergo medical attention and care, and to expend various amounts of money and incur various expenses for the treatment of the injuries which he has suffered, and Jamie Douglas will be obligated to continue to expend such sums of money or incur such expenses for an indefinite period of time in the future.

15. As a result of the accident as described above, Plaintiff has suffered and continues to suffer an impairment of his earning capacity and will continue to suffer such loss of earning capacity for an indefinite period of time in the future.

16. As a direct and foreseeable result of the accident as described above, Plaintiff Jamie Douglas has incurred and may hereafter incur other financial expenses and losses.

17. As a result of the accident as described above, Plaintiff has suffered severe physical pain, mental anguish, personal trauma and humiliation and may continue to suffer the same for an indefinite period of time in the future.

## COUNT I – STRICT LIABILITY

### Jamie Douglas v Schweiss Distributing, Inc.

18. Plaintiff incorporates Paragraphs 1 through 17 as if fully set forth at length herein.

19. Defendant, Schweiss Distributing, Inc. is the manufacturer and seller of the bi-fold door and its component parts (hereinafter "product"), or the successors of the seller and manufacturer.

20. Defendant, Schweiss Distributing, Inc., sells products similar to the bi-fold door involved in this accident on a regular basis and as a regular part of their business.

21. The product was in an unreasonably dangerous and defective condition when sold to Plaintiff's employer for the following reasons:

a) Failing to provide adequate warning and instructions with the product;

b) Failing to equip the product with proper guards and/or safety shields;

c) Failing to provide other safety mechanisms with the product;

d) Failing to have proper electrical circuitry preventing an operator from being in the area of the spooling cables during operation;

e) Otherwise failing to exercise due care under the circumstances;

f) Failing to properly design and manufacture the cable spool shield;

g) Designing, manufacturing, and selling bi-fold doors with an improper, defective, or otherwise ineffective safety shield around the cable spool;

h) Failing to interlock the door control mechanism;

i) Failing to otherwise prevent operators of the bi-fold door from coming into contact with the spooling cable;

j) Failing to provide proper and adequate instructions and/or warnings concerning the use of the bi-fold door and the likelihood or possibility that body parts could get caught in the cable spool resulting in serious bodily injury.

22. The product was sold by the Defendants or their predecessors in the previously stated defective condition.

23. At the time of the accident, the bi-fold doors were in substantially the same condition as when sold by Defendant.

24. Plaintiff and his employer relied upon the duty of the Defendant to manufacture and sell the product in a condition that was not defective or unreasonably dangerous.

25. The product, due to its defective and unreasonably dangerous condition, was an immediate hazard to the health and well-being of Plaintiff Jamie Douglas.

26. The unreasonably dangerous defects in the product were the proximate cause of damage suffered by Plaintiff Jamie Douglas and described above.

27. Defendants failure to provide proper and adequate warnings as to the defective nature of the product which was a substantial and proximate cause of the damage suffered by Plaintiff Jamie Douglas.

28. Defendants are strictly liable to the Plaintiff under the Restatement (2nd) of Torts Section 402a and Restatement (3rd) of Torts: Product Liability Section 1 and Section 10, by virtue of selling a product in a defective condition unreasonably dangerous to users or consumers, of whom the plaintiff was one.

WHEREFORE, Plaintiff Jamie Douglas, hereby demands judgement against Defendants in an amount in excess of $75,000, plus interest and costs of suit.

### COUNT II – NEGLIGENCE

### Jamie Douglas v Schweiss Distributing, Inc.

29. Plaintiff incorporates Paragraphs 1 through 28 as if fully set forth at length herein.

30. Defendant, Schweiss Distributing, Inc. is the manufacturer and seller of the bi-fold door and its component parts, or the successors of the seller and manufacturer.

31. Defendant, Schweiss Distributing, Inc., sells products similar to the bi-fold door involved in this accident on a regular basis and as a regular part of their business.

32. The injuries suffered by Jamie Douglas were caused by the negligence, careless and reckless acts of the Defendants, including but not limited to:

    a) Failing to provide adequate warning and instructions with the product;

b) Failing to equip the product with proper guards and/or safety shields;

c) Failing to provide other safety mechanisms with the product;

d) Failing to have proper electrical circuitry preventing an operator from being in the area of the spooling cables during operation;

e) Otherwise failing to exercise due care under the circumstances;

f) Failing to properly design and manufacture the cable spool shield;

g) Designing, manufacturing, and selling bi-fold doors with an improper, defective, or otherwise ineffective safety shield around the cable spool;

h) Failing to interlock the door control mechanism;

i) Failing to otherwise prevent operators of the bi-fold door from coming into contact with the spooling cable;

j) Failing to provide proper and adequate instructions and/or warnings concerning the use of the bi-fold door and the likelihood or possibility that body parts could get caught in the cable spool resulting in serious bodily injury.

33. The product was sold by the Defendants or their predecessors in the previously stated defective condition.

34. At the time of the accident, the bi-fold doors were in substantially the same condition as when sold by Defendant.

35. Plaintiff and his employer relied upon the duty of the Defendant to manufacture and sell the product in a condition that was not defective or unreasonably dangerous.

36. The product, due to its defective and unreasonably dangerous condition, was an immediate hazard to the health and well-being of Plaintiff Jamie Douglas.

37. The unreasonably dangerous defects in the product were the proximate cause of damage suffered by Plaintiff Jamie Douglas.

38. Defendants failure to provide proper and adequate warnings as to the defective nature of the product which was a substantial and proximate cause of the damage suffered by Plaintiff Jamie Douglas.

39. As a result of the negligence of Defendants, Plaintiff Jamie Douglas suffered injuries as more fully described above.

WHEREFORE, Plaintiff, Jamie Douglas, hereby demands judgement against Defendants in an amount in excess of $75,000 plus interest and costs of suit.

### COUNT III – BREACH OF WARRANTY

### Jamie Douglas v Schweiss Distributing, Inc.

40. Plaintiff incorporates Paragraphs 1 through 39 as if fully set forth at length herein.

41. Defendant expressly and/or impliedly warranted that the product was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which the product was designed and needed.

42. In using the product, Plaintiff Jamie Douglas relied upon Defendants skill and judgement and the implied warranty of merchantability, as well as the other warranties made by Defendants.

43. The product which was sold by Defendants was not of merchantable quality and was unfit, unsafe and unusual for the ordinary purposes for which it was intended.

44. By reason of the foregoing, Plaintiff Jamie Douglas suffered the damages and losses as described more fully above.

WHEREFORE, Plaintiff, Jamie Douglas, hereby demands judgement against Defendants in an amount in excess of $75,000, plus interest and costs of suit.

## COUNT IV - STRICT LIABILITY

### Jamie Douglas v Schweiss Bi-Fold Doors, Inc.

45. Plaintiff incorporates Paragraphs 1 through 44 as if fully set forth at length herein.

46. Defendant, Schweiss Bi-Fold Doors, Inc. is the manufacturer and seller of the bi-fold door and its component parts, or the successors of the seller and manufacturer.

47. Defendant, Schweiss Bi-Fold Doors, Inc., sells products similar to the bi-fold door involved in this accident on a regular basis and as a regular part of their business.

48. The product was in an unreasonably dangerous and defective condition when sold to Plaintiff's employer for the following reasons:

   a) Failing to provide adequate warning and instructions with the product;

   b) Failing to equip the product with proper guards and/or safety shields;

   c) Failing to provide other safety mechanisms with the product;

   d) Failing to have proper electrical circuitry preventing an operator from being in the area of the spooling cables during operation;

   e) Otherwise failing to exercise due care under the circumstances;

   f) Failing to properly design and manufacture the cable spool shield;

   g) Designing, manufacturing, and selling bi-fold doors with an improper, defective, or otherwise ineffective safety shield around the cable spool;

   h) Failing to interlock the door control mechanism;

   i) Failing to otherwise prevent operators of the bi-fold door from coming into contact with the spooling cable;

j) Failing to provide proper and adequate instructions and/or warnings concerning the use of the bi-fold door and the likelihood or possibility that body parts could get caught in the cable spool resulting in serious bodily injury.

49. The product was sold by the Defendants or their predecessors in the previously stated defective condition.

50. At the time of the accident, the bi-fold doors were in substantially the same condition as when sold by Defendant.

51. Plaintiff and his employer relied upon the duty of the Defendant to manufacture and sell the product in a condition that was not defective or unreasonably dangerous.

52. The product, due to its defective and unreasonably dangerous condition, was an immediate hazard to the health and well-being of Plaintiff Jamie Douglas.

53. The unreasonably dangerous defects in the product were the proximate cause of damage suffered by Plaintiff Jamie Douglas.

54. Defendants failure to provide proper and adequate warnings as to the defective nature of the product which was a substantial and proximate cause of the damage suffered by Plaintiff Jamie Douglas as described above.

55. Defendants are strictly liable to the Plaintiff under the Restatement (2nd) of Torts Section 402a and Restatement (3rd) of Torts: Product Liability Section 1 and Section 10, by virtue of selling a product in a defective condition unreasonably dangerous to users or consumers, of whom the plaintiff was one.

WHEREFORE, Plaintiff Jamie Douglas, hereby demands judgement against Defendants in an amount in excess of $75,000, plus interest and costs of suit.

## COUNT V – NEGLIGENCE

### Jamie Douglas v Schweiss Bi-Fold Doors, Inc.

56. Plaintiff incorporates Paragraphs 1 through 55 as if fully set forth at length herein.

57. Defendant, Schweiss Bi-Fold Doors, Inc. is the manufacturer and seller of the bi-fold door and its component parts, or the successors of the seller and manufacturer.

58. Defendant, Schweiss Bi-Fold Doors, Inc., sells products similar to the bi-fold door involved in this accident on a regular basis and as a regular part of their business.

59. The injuries suffered by Jamie Douglas were caused by the negligence, careless and reckless acts of the Defendants, including but not limited to:

   a) Failing to provide adequate warning and instructions with the product;

   b) Failing to equip the product with proper guards and/or safety shields;

   c) Failing to provide other safety mechanisms with the product;

   d) Failing to have proper electrical circuitry preventing an operator from being in the area of the spooling cables during operation;

   e) Otherwise failing to exercise due care under the circumstances;

   f) Failing to properly design and manufacture the cable spool shield;

   g) Designing, manufacturing, and selling bi-fold doors with an improper, defective, or otherwise ineffective safety shield around the cable spool;

   h) Failing to interlock the door control mechanism;

   i) Failing to otherwise prevent operators of the bi-fold door from coming into contact with the spooling cable;

   j) Failing to provide proper and adequate instructions and/or warnings concerning the use of the bi-fold door and the likelihood or possibility that

body parts could get caught in the cable spool resulting in serious bodily injury.

60. The product was sold by the Defendants or their predecessors in the previously stated defective condition.

61. At the time of the accident, the bi-fold doors were in substantially the same condition as when sold by Defendant.

62. Plaintiff and his employer relied upon the duty of the Defendant to manufacture and sell the product in a condition that was not defective or unreasonably dangerous.

63. The product, due to its defective and unreasonably dangerous condition, was an immediate hazard to the health and well-being of Plaintiff Jamie Douglas.

64. The unreasonably dangerous defects in the product were the proximate cause of damage suffered by Plaintiff Jamie Douglas as described above.

65. Defendants failure to provide proper and adequate warnings as to the defective nature of the product which was a substantial and proximate cause of the damage suffered by Plaintiff Jamie Douglas.

66. Defendants are strictly liable to the Plaintiff under the Restatement (2nd) of Torts Section 402a and Restatement (3rd) of Torts: Product Liability Section 1 and Section 10, by virtue of selling a product in a defective condition unreasonably dangerous to users or consumers, of whom the plaintiff was one.

67. As a result of the negligence of Defendants, Plaintiff Jamie Douglas suffered injuries as more fully described above.

WHEREFORE, Plaintiff, Jamie Douglas, hereby demands judgement against Defendants in an amount in excess of $75,000 plus interest and costs of suit.

## COUNT VI - BREACH OF WARRANTY

### Jamie Douglas v Schweiss Bi-Fold Doors, Inc.

68. Plaintiff incorporates Paragraphs 1 through 67 as if fully set forth at length herein.

69. Defendant expressly and/or impliedly warranted that the product was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which the product was designed and needed.

70. In using the product, Plaintiff Jamie Douglas relied upon Defendants skill and judgement and the implied warranty of merchantability, as well as the other warranties made by Defendants.

71. The product which was sold by Defendants was not of merchantable quality and was unfit, unsafe and unusual for the ordinary purposes for which it was intended.

72. By reason of the foregoing, Plaintiff Jamie Douglas suffered the damages and losses as described more fully above.

WHEREFORE, Plaintiff, Jamie Douglas, hereby demands judgement against Defendants in an amount in excess of $75,000, plus interest and costs of suit.

## COUNT VII – NEGLIGENCE

### Jamie Douglas v Calder Door and Specialty Company

73. Plaintiff incorporates Paragraphs 1 through 72 as if fully set forth at length herein.

74. Defendant Calder Door and Specialty Company provided service to Plaintiff's employer for the bi-fold doors involved in this accident.

75. The maintenance, service or other work performed by Calder Door and Specialty Company occurred between the time the doors were sold to Plaintiff's employer and the time of Plaintiff's accident.

76. The injuries suffered by Jamie Douglas were caused by the negligence, careless and reckless acts of Defendant Calder Door and Specialty Company, including but not limited to:

a) Failing to provide adequate warning and instructions with the product;

b) Failing to equip the product with proper guards and/or safety shields;

c) Failing to provide other safety mechanisms with the product;

d) Failing to have proper electrical circuitry preventing an operator from being in the area of the spooling cables during operation;

e) Otherwise failing to exercise due care under the circumstances;

f) Failing to properly design and manufacture the cable spool shield;

g) Designing, manufacturing, and selling bi-fold doors with an improper, defective, or otherwise ineffective safety shield around the cable spool;

h) Failing to interlock the door control mechanism;

i) Failing to otherwise prevent operators of the bi-fold door from coming into contact with the spooling cable;

j) Failing to provide proper and adequate instructions and/or warnings concerning the use of the bi-fold door and the likelihood or possibility that body parts could get caught in the cable spool resulting in serious bodily injury;

k) Removing or otherwise disengaging the spool guard or safety shield on the bi-fold doors;

l) Installing improper lifting cables;

m) Permitting the doors to be operated without the use of the spool guard or safety shields for the cables;

    n)        Removing, limiting or otherwise disengaging the spool guard or safety shields for the cables on the bi-fold door.

77.      As a result of the negligence, carelessness and recklessness of Defendant, Calder Door and Specialty Company, Plaintiff Jamie Douglas suffered injuries which are severe and permanent as more fully described above.

78.      The negligence, carelessness and recklessness of Defendant were the proximate cause of damages suffered by Plaintiff Jamie Douglas as more fully described above.

WHEREFORE, Plaintiff, Jamie Douglas, hereby demands judgement against Defendants in an amount in excess of $75,000, plus interest and costs of suit.

Respectfully Submitted,

**COZEN O'CONNOR**

Dated:_____

BY:_____
John M. Popilock, Esquire
Patrick C. Timoney, Esquire
200 Four Falls Corporate Center
Suite 400, P.O. Box 800
West Conshohocken, PA  19428-0800
(610) 941-5400