TO: ALL PARTIES
YOU ARE HEREBY NOTIFIED TO FILE A RESPONSE
TO DEFENDANT(S) ANSWER/NEW MATTER WITHIN
TWENTY (20) DAYS

BY: **RICHARD T. ABELL, ESQUIRE**

| | |
|---|---|
| **TIMONEY, KNOX, HASSON & WEAND, LLP** | Attorney for Defendant |
| By: Richard T. Abell, Esquire | CALDER DOOR & SPECIALTY |
| Attorney ID #21517 | COMPANY |
| 400 Maryland Drive, P.O. Box 7544 | |
| Fort Washington, PA 19034-7544 | |
| (215) 646-6000 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMIE DOUGLAS                              :
                                           :   JURY TRIAL DEMANDED
            V.                             :
                                           :   NO. 02-4556
SCHWEISS DISTRIBUTING, INC.;               :
SCHWEISS BI-FOLD DOORS, INC.; and          :
CALDER DOOR & SPECIALTY COMPANY            :

**ANSWER OF DEFENDANT,
CALDER DOOR and SPECIALTY COMPANY
TO PLAINTIFF'S COMPLAINT**

**FIRST DEFENSE – RESPONSE TO PARAGRAPHS OF COMPLAINT**

1-3.   Denied.  This defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments, and the averments are denied.

4.   Admitted.

**JURISDICTION AND VENUE**

5-8.   Admitted.

**FACTUAL BACKGROUND**

9-17.   Denied.  This defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments, and the averments are denied.

## COUNT I – STRICT LIABILITY

### Jamie Douglas v. Schweiss Distributing, Inc.

18. Defendant hereby incorporates paragraphs 1 through 17 as though fully set forth herein at length.

19. Denied.  This defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments, and the averments are denied.

20.  Admitted.

21-28.  Denied.  This defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments, and the averments are denied.

WHEREFORE, the defendant respectfully demands that judgment be entered against the plaintiff and in favor of defendant, Calder Door & Specialty Company.

## COUNT II – NEGLIGENCE

### Jamie Douglas v. Schweiss Distributing, Inc.

29.  Defendant hereby incorporates paragraphs 1 through 28 as though fully set forth herein at length.

30.  Denied.  This defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments, and the averments are denied.

31.  Admitted.

32-39.  Denied.  This defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments, and the averments are denied.

WHEREFORE, the defendant respectfully demands that judgment be entered against the plaintiff and in favor of defendant, Calder Door & Specialty Company.

## COUNT III – BREACH OF WARRANTY

### Jamie Douglas v. Schweiss Distributing, Inc.

40. Defendant hereby incorporates paragraphs 1 through 28 as though fully set forth herein at length.

41 – 44. Denied. This defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments, and the averments are denied.

WHEREFORE, the defendant respectfully demands that judgment be entered against the plaintiff and in favor of defendant, Calder Door & Specialty Company.

## COUNT IV – STRICT LIABILITY

### Jamie Douglas v. Schweiss Bi-Fold Doors, Inc.

45. Defendant hereby incorporates paragraphs 1 through 28 as though fully set forth herein at length.

46. Denied. This defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments, and the averments are denied.

47. Admitted.

48. –55. Denied. This defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments, and the averments are denied.

WHEREFORE, the defendant respectfully demands that judgment be entered against the plaintiff and in favor of defendant, Calder Door & Specialty Company.

## COUNT V – NEGLIGENCE

### Jamie Douglas v. Schweiss Bi-Fold Doors, Inc.

56. Defendant hereby incorporates paragraphs 1 through 55 as though fully set forth herein at length.

57. Denied. This defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments, and the averments are denied.

58. Admitted.

59-67. Denied. This defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments, and the averments are denied.

WHEREFORE, the defendant respectfully demands that judgment be entered against the plaintiff and in favor of defendant, Calder Door & Specialty Company.

## COUNT VI – BREACH OF WARRANTY

### Jamie Douglas v. Schweiss Bi-Fold Doors, Inc.

68. Defendant hereby incorporates paragraphs 1 through 67 as though fully set forth herein at length.

69-72. Denied. This defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments, and the averments are denied.

WHEREFORE, the defendant respectfully demands that judgment be entered against the plaintiff and in favor of defendant, Calder Door & Specialty Company.

## COUNT VII – NEGLIGENCE

### Jamie Douglas v. Calder Door and Specialty Company

73.    Defendant hereby incorporates paragraphs 1 through 72 as though fully set forth herein at length.

74. Admitted; such service work was of a limited nature.

76.  75. Denied. Defendant Calder Door and Specialty Company was not negligent. Defendant Calder Door and Specialty Company used due care. Defendant Calder Door and Specialty Company properly performed the limited services it was hired to perform. Defendant

Calder Door and Specialty Company did not design, manufacture, sell, or install the door, or the spoolguards, cables, safety shields, or other equipment involved in this case. Defendant Calder Door and Specialty Company did not eliminate, disable, or disengage, limit or discard any guards, shields, or other safety devices. Defendant Calder Door and Specialty Company was not negligent and did not cause any injury to the plaintiff.

77 – 78. Denied. These allegations are untrue.

WHEREFORE, the defendant respectfully demands that judgment be entered against the plaintiff and in favor of defendant, Calder Door & Specialty Company.

## SECOND DEFENSE

79. If the accident occurred as alleged, the accident occurred as a result of negligence by the plaintiff. Defendant Calder Door and Specialty, Inc., hereby raises the defense of contributory negligence and comparative negligence.

WHEREFORE, the defendant respectfully demands that judgment be entered against the plaintiff and in favor of defendant, Calder Door & Specialty Company.

## THIRD DEFENSE

80. The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, the defendant respectfully demands that judgment be entered against the plaintiff and in favor of defendant, Calder Door & Specialty Company.

## CROSSCLAIM AGAINST CO-DEFENDANTS, SCHWEISS DISTRIBUTING, INC., AND SCHWEISS BI-FOLD DOORS, INC.

81. Defendant, Calder Door and Specialty Company hereby incorporates by reference all paragraphs of plaintiff's Complaint to the extent those paragraphs are asserted against co-

Defendants, Schweiss Distributing, Inc., and Schweiss Bi-Fold Doors, Inc. but not to the extent that plaintiff's allegations are asserted against Defendants, Calder Door and Specialty Company

82. In the event any liability is found against defendant, Calder Door and Specialty Company (any basis for any liability existing against Calder Door and Specialty Company being denied), then defendants, Schweiss Distributing, Inc., and Schweiss Bi-Fold Doors, Inc. are primarily liable and defendant, Calder Door and Specialty Company are only secondarily liable, and defendants, Schweiss Distributing, Inc., and Schweiss Bi-Fold Doors, Inc. owe indemnification to defendant, Calder Door and Specialty Company.

83. In the event any liability is found against defendants, Calder Door and Specialty Company (any basis for any liability existing against Calder Door and Specialty Company being denied), then defendants, Schweiss Distributing, Inc., and Schweiss Bi-Fold Doors, Inc. are jointly and severally liable for any judgment or verdict entered and defendants, Schweiss Distributing, Inc., and Schweiss Bi-Fold Doors, Inc. owe contribution to defendant, Calder Door and Specialty Company

WHEREFORE, defendant, Calder Door and Specialty Company respectfully requests that:

A.   Judgment be entered in its favor and against plaintiff with costs and attorney's fees.

B.   To the extent any judgment is entered in favor of plaintiff, such judgment be entered solely against defendants, Schweiss Distributing, Inc., and Schweiss Bi-Fold Doors, Inc. and not against Defendant, Calder Door and Specialty Company

C.   Defendants, Schweiss Distributing, Inc., and Schweiss Bi-Fold Doors, Inc. be found liable over to defendant, Calder Door and Specialty Company, for full indemnification if

any liability on the part of defendant, Calder Door and Specialty Company shall be found to exist.

  D. Defendants, Schweiss Distributing, Inc., and Schweiss Bi-Fold Doors, Inc. be found jointly and severally liable with defendant, Calder Door and Specialty Company and be found liable to Defendant Calder Door and Specialty Company for the contribution of any liability on the part of defendant, Calder Door and Specialty Company, shall be found to exist.

TIMONEY, KNOX, HASSON & WEAND, LLP


BY:_____
RICHARD T. ABELL, ESQUIRE
ATTORNEY I.D. NO. 21517
400 Maryland Drive, P.O. Box 7544
Fort Washington, PA 19034-7544
(215) 646-6000
Attorney for defendant
Calder Door and Specialty Company

## **VERIFICATION**

GEORGE CALDER, being duly sworn according to law deposes and says that he is chief executive officer of Calder Door and Specialty Company and that he is authorized to verify that the statements made in the foregoing pleadings are true and correct to the best of his knowledge, information, and belief. This verification is made subject to 18 Pa.C.S. 4904 which provides for certain penalties for making false statements.

                                        CALDER DOOR AND SPECIALTY COMPANY

                                        BY:_____
                                                    GEORGE CALDER, CEO

Date:_____