IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE DOUGLAS | : |
| | :   NO. 02-4556 |
| v. | : |
| | : |
| SCHWEISS DISTRIBUTING, INC. | : |
|     and | : |
| SCHWEISS BI-FOLD DOORS, INC. | : |
|     and | : |
| CALDER DOOR & SPECIALITY COMPANY | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, SCHWEISS DISTRIBUTING, INC. AND SCHWEISS BI-FOLD DOORS, INC.'S MOTION FOR SUMMARY JUDGMENT**

**I.      STATEMENT OF FACTS**

Plaintiff filed suit alleging his was injured while operating a bi-fold door manufactured by Defendant, Schweiss. (See Plaintiff's Complaint attached hereto, made a part hereof and marked as Exhibit "A".) At his deposition, Plaintiff testified that on the day of the incident he was attempting to remove some insulation that had become caught in the door cables. As he was reaching for the insulation, he heard a noise, turned his body and his hand made contact with the cable and drum for the door . (See Plaintiff's deposition transcript which will be supplied upon receipt from the court reporter.) He alleges that his hand was drawn into the cable and drum, resulting in an amputation of his fingers on his left hand and a fracture of his forearm. (See Plaintiff's deposition transcript.) There were no safety shields on the door on the day of the accident. (See Plaintiff's deposition testimony and the deposition of Richard O'Brien attached hereto,

made a part hereof and marked as Exhibit "B".)

The door, manufactured by Schweiss, which was sold to Modern Mushroom, Inc., Plaintiff's employer, contained guards called safety drive shields which were permanently affixed to the winding drum. (See Exhibit "B"; deposition transcript of Michael Schweiss attached hereto, made a part hereof and marked as Exhibit "C"; expert report of Jack Krafchick, P.E., attached hereto, made a part hereof and marked as Exhibit "D".) The shields that originally accompanied the product were difficult to remove as they were welded and in one piece. In fact, a zip saw was necessary for the removal of the shields. (See "B", "C", "D" and the deposition of Arturo Illas attached hereto, made a part hereof and marked as Exhibit "F".)

Prior to purchase, Schweiss provided Modern Mushroom with quotations containing a list of safety options, including the option of a deadman's switch, as well as product literature which also contained a listing of safety options, one of which was a deadman's switch. (See Exhibit "B" and "C".) Modern Mushroom used this information in deciding whether or not to purchase a door from Schweiss. (See Exhibit "B".)

When the door was shipped to Modern Mushroom, it was shipped with the Bi-Fold Door Instruction Manual and Jack Shaft Instruction Manual. (See Exhibit "B" and "C" and the Manual attached hereto, made a part hereof and marked as Exhibit "E".) Both of these manuals warn the user not to remove the shields and

to stay at the controls during operation of the door. (See Exhibit "E".) In addition, Schweiss shipped at least two warning placards which advised the user to remain at the controls during operation of the door. (See Exhibits "B" and "C".)

Richard O'Brien, the plant manager at Modern Mushroom, was the person primarily responsible for purchasing the door and had the contact with Schweiss. (See Exhibit "B".) He signed the quotation and purchase documents containing the list of safety options containing a deadman's switch. (See Exhibit "B".)

As an engineer, Mr. O'Brien knew the purpose for a deadman's switch as well as the purpose for the shields. (See Exhibit "D".) O'Brien did not consider purchasing the deadman's switch. (See Exhibit "D".) O'Brien was also aware of the instructions to remain at the control while the door was operating. (See Exhibit "D".) Plaintiff was likewise aware of the instruction to remain at the controls while the door was operating contained within the safety placard. (See Plaintiff's deposition transcript.)

O'Brien ordered the removal of the safety shields from the doors. (See Exhibit "B"). He contends that the removal was prompted by a recommendation from Defendant, Calder Door, the service company hired by Modern Mushroom. (See Exhibit "B".) O'Brien testified that Defendant, Calder removed the shields. (See Exhibit "B".)

Jack Krafchick, P.E., Plaintiff's expert, contends that the bi-fold door was defective because it lacked a deadman control. (See Exhibit "D".) He admits that

the shield, as provided by Schweiss, which was permanently affixed, would have prevented inadvertent contact in the area of the machine where the Plaintiff alleges his injury occurred. (See Exhibit "D".) Mr. Krafchick further states that he believes the party who removed the shields was negligent as the removal of the Schweiss shield created a hazardous pinch point. (See Exhibit "D".)

It is based upon the facts as set forth above and the arguments which follow that Defendant, Schweiss moves for summary judgment.

## II. ARGUMENT

### A. GENERAL STANDARD GOVERNING ENTRY OF SUMMARY JUDGMENT

Pursuant to Fed. R.C.P. 56(c), summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material of fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is mandated against a Plaintiff who fails to come forth with evidence to establish an essential element of his claim on an element on which Plaintiff has the burden of proof. Under this circumstance there is no genuine issue as to any material fact since a complete failure of proof concerning an essential element of moving party's case necessarily renders all other facts immaterial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986). The moving party's burden is satisfied when that party

proves the absence of evidence on an essential element of Plaintiff's case. Id. Plaintiff must then come forth with specific facts establishing that a genuine issue of material facts exists and that a reasonable fact finder could rule in its favor. Ridgewood Board of Education v. N.E., 172 F.3d, 238, 252 (3rd Cir. 1999.) Speculation and conclusionary allegations do not satisfy this duty. Id.

In the case at bar, Plaintiff cannot establish that the defect causing the accident, that is, the lack of shields on the door, existed at the time the product left the hands of Defendant Schweiss. Accordingly, since he cannot establish an essential element of his claim, summary judgment is warranted. Id.

**B. THE PRODUCT MANUFACTURED BY DEFENDANT, SCHWEISS WAS SUBSTANTIALLY CHANGED AND, THEREFORE, SUMMARY JUDGMENT IS MANDATED**

Plaintiff has the burden of establishing that the product at issue was defective, the defect causing the injury existed at the time the product left the seller's hands, and that the defect was a proximate cause of Plaintiff's injury. Davis v. Berwind Corporation, 547 Pa. 260, 690 A.2d 186 (1997); Berkebile v. Brantly Helicopter Corp., 462 Pa. 83, 93-94, 337 A.2d 893, 899 (1975); Putt v. Yates-American Machine Company, 722 A.2d 217 (Pa. Super. 1998). The seller is not liable if a safe product is made unsafe by subsequent changes which are not reasonably foreseeable. Id. It is Plaintiff's burden to establish that the incident would have occurred even if the changes had not been made. Southwire

Company v. Beloit Eastern Corp., 370 F.Supp. 842 (E.D. Pa. 1974). If the accident would not have occurred absent the change, then the change is deemed to be substantial, relieving the manufacturer of liability. Putt v. Yates-American Machine Company, supra; Sheldon v. Westbend Equipment Corp., 718 F.2d 603 (3rd Cir. Pa. 1983). A manufacturer is relieved of liability for substantial change to the product even if there was a design defect which existed at the time it left the manufacturer's control. Putt v. Yates-America Machine Company, supra; Thompson v. Motch and Merriweather Machinery Company, supra. The court may rule as a matter of law as to whether or not a change is reasonably foreseeable where no material issue of fact exists. Hollinger v. Wagner Mining Equipment Company, 657 F.2d 402, 3rd Cir. (1981).

     The Pennsylvania Supreme Court's decision in Davis v. Berwind Corporation, supra is directly applicable to the circumstances of the case before this court. In this case, the manufacturer provided a warning to the purchaser which instructed the purchaser not to remove any safety devices. The Plaintiff's employer removed the safety devices. The absence of these safety devices was the cause of Plaintiff's injuries. The court held that the removal of the shields was a superseding cause which relieved the manufacturer of liability. The court found that the removal of the safety device, despite the warnings not to remove the devices did, in fact, constitute a substantial change in the condition in which the product was sold which relieved the manufacturer of liability for Plaintiff's injuries.

It was the opinion of the Court that the removal of the safety device despite warnings was not as a matter of law a reasonably foreseeable act.

In so ruling, the court found that the social policy goals sought to be furthered in applying 402A liability do not exist where an employer removes the safety shields. It specifically found that the imposition of strict liability "would be a futile attempt to promote the distribution of safe products when it is not the manufacturer, but the purchaser who rendered the product dangerous. The manufacturer should not be responsible for the employer's intentional removal of the safety device merely because the purchaser/employee is limited in liability to that recoverable in a worker's compensation proceeding."

As in Davis, Schweiss warned the user not to remove the safety shields. (See Exhibit "B", "C" and "E".) Plaintiff's expert indicated in his expert report that the shields that were on the product when it was shipped to Modern Mushroom were permanently affixed shields which would have prevented the accident. (See Exhibit "D".) As in Davis, Modern Mushroom's removal of the shields was a substantial change which could not have been reasonably foreseen. Therefore, based upon Davis v. Berwind Corporation, supra, Defendant, Schweiss is entitled to summary judgment.

The Third Circuit Court of Appeals in Smith v. Hobarth Manufacturing Company, supra, likewise held that the removal of a guard which requires tools and time constitutes a substantial change which could not have been foreseen by

-7-

the manufacturer, thereby relieving the manufacturer of liability. In the case of the Schweiss shield, the uncontroverted evidence is that the shields originally installed on the machine by the manufacturer were permanently affixed by way of welding and required time and a zip saw for removal. Therefore, pursuant to <u>Smith v. Hobarth Manufacturing Company</u>, <u>supra</u>, Schweiss is entitled to summary judgment.

It is anticipated the Plaintiff will argue that the product was defective because it did not have a deadman switch when it left the seller's hands and, therefore, Schweiss is still subject to liability. However, a manufacturer is relieved of liability for substantial change in the product even if there was a design defect which existed at the time the product left the manufacturer's control if the accident would not have occurred absent the substantial change. <u>Putt v. Yates-America Machine Company</u>, <u>supra</u>; <u>Sheldon v. Westbend Equipment Corp.</u> <u>supra</u>; <u>Southwire Company v. Bolit Eastern Corp.</u>, <u>supra</u>. Under these circumstances, the substantial change has broken the chain of causation between the original defect and the Plaintiff's injury. Accordingly, even if we assume for purposes of argument only, that the lack of a deadman's switch was a defect, removal of the shield broke the chain of causation as the shields would have prevented the accident. (See Exhibit "D".) Therefore, Schweiss is entitled to summary judgment.

**III.    CONCLUSION**

Imposition of strict liability on a manufacturer of a product is deemed appropriate by the courts in the Commonwealth of Pennsylvania. The decision to impose strict liability was premised upon the belief that the manufacturer, as a matter of social policy, was in the best position to police its own product and was in a better position to handle the risk of loss. Our courts have determined that manufacturers must make every attempt to make their product safe for use as intended. However, these goals are not furthered in a situation where another party has removed the safety devices incorporated by the manufacturer. That is the situation which has arisen in the case before this court. The evidence has established that the shields in place at the time of manufacture were removed either by Calder or Plaintiff's employer. Under these circumstances, the Pennyslvania Supreme Court in <u>Davis v. Berwind Corporation</u>, <u>supra</u> has held that it would be inappropriate to hold the manufacturer liable. Accordingly, summary judgment should be entered in favor of Defendant, Schweiss.

Respectfully submitted,

KENT & McBRIDE, P.C.

By_____
JOHN F. KENT, ESQUIRE
ANNE M. MANERO, ESQUIRE
Attorney for Defendants,
Schweiss Distributing, Inc. and
Schweiss Bi-fold Doors, Inc.
Attorney I.D. 26767/57447
1617 John F. Kennedy Blvd.

Suite 1200
Philadelphia, PA 19103
215-568-1800